**Raymond CARTER, Appellant,**

v.

**CITY OF PHILADELPHIA; Thomas Ryan, Individually and as a Police Officer for the City of Philadelphia; John Doe, an Unknown Police Officer(s) and or Detective(s) for the City of Philadelphia; Wayne Settle, Individually and as a Police Officer for the City of Philadelphia; Michael Duffy, Individually and as a Police Officer for the City of Philadelphia.**

No. 00–3671.

United States Court of Appeals, Third Circuit.

Submitted Jan. 18, 2002.

Filed April 10, 2002.

Before ALITO and ROTH, Circuit Judges, and SCHWARZER *, District Judge.

* Honorable William W Schwarzer, Senior District Judge for the Northern District of California, sitting by designation.

## OPINION

ROTH, Circuit Judge.

Plaintiff Raymond Carter appeals the order of the United States District Court for the Eastern District of Pennsylvania, granting the defendants motion for judgment as a matter of law pursuant to Fed. R.Civ.P. 50(a)(1). On July 7, 1997, Carter filed a civil rights complaint pursuant to 42 U.S.C. § 1983, claiming false arrest and prosecution for the 1986 murder of Robert Harris. He sued Thomas Ryan, Wayne Settle, and Michael Duffy, each individually and as police officers for the City of Philadelphia; the City of Philadelphia; John Doe, representing unknown employees of the Philadelphia Police Department; and Richard Roe, representing unknown employees of the Philadelphia District Attorney's Office. The District Court dismissed all claims against the District Attorney's Office, but we reversed that ruling, denying the District Attorney's assertion of sovereign immunity and remanding the case for trial. *See Carter v. City of Philadelphia*, 181 F.3d 339, 342 (3d Cir.1999). Carter later voluntarily dismissed the claims against Roe and the employees of the Philadelphia District Attorney's Office, Settle, and Duffy. Thus, the only remaining defendants are former Officer Ryan and the City of Philadelphia. On October 18, 2000, the District Court entered judgment in favor of these defendants.

On September 8, 1986, Robert Harris was shot to death at Pike's Bar in Philadelphia. Several people were interviewed at the scene on the night of the murder, but no one offered any statement as to the identity of Harris's assailant. Sometime after the murder, Officer Ryan alleged that a witness named Pamela Jenkins had informed him that she witnessed Carter commit the murder. Jenkins had previously acted as a paid police informant in cases that Ryan had investigated. Ryan had not always been able to verify Jenkins' testimony but had never in the past found her to be untruthful. Ryan presented Jenkins to Officer Settle, the investigating officer in the Harris murder. In addition to telling Settle that she saw "Ray with a gun" and "heard one shot," she also identified him from photographs and stated that she had known Carter for approximately six months. Jenkins was the only person to come forward as a witness to the shooting, but the police also received other evidence implicating Carter in the murder. They received an anonymous tip stating that Carter was the shooter; the victim's mother also implicated Carter.

Jenkins' statements, however, conflicted with other evidence collected by the investigating officers. Jenkins stated that she heard only one shot, but Mr. Harris was shot three times. She stated that she was at the bar with a friend named Elsie Waters, but Waters denied having been at the bar at the time of the shooting. A police officer's synopsis of Jenkins' interview made a reference to a rear door; the bar, however, had only one door. Finally, Arlene Peterson, the bartender on duty at the time of the incident, testified that on the night of the shooting she was not yet acquainted with Jenkins, had never seen her before, and did not serve her. Peterson did, however, also admit that on the night of the murder, she was not acquainted with all the patrons that she served and paid no attention to who was entering and exiting the bar.

Settle submitted an affidavit of probable cause based on Jenkins' statements. A warrant was issued, and Carter was arrested. In February 1988, he was convicted of first degree murder in the Philadelphia Court of Common Pleas. Almost nine years later, new evidence came to light that Officer Ryan had paid Pamela Jenkins

for the information that she had given to Settle and for her testimony against Carter. Based on this evidence, Carter filed a petition for relief with the Court of Common Pleas under the Post Conviction Relief Act. On September 5, 1996, the court vacated Carter's sentence and granted him a new trial. The Commonwealth subsequently nol-prosed the case against Carter.

Carter claims that he was arrested without probable cause in violation of his Fourth Amendment right to be free from unreasonable seizures. Carter contends that the District Court failed to consider whether the warrant affidavit was false, based its holding on a misapprehension of the evidence, and impermissibly weighed the evidence. Carter makes these arguments based on the fact that the affidavit of probable cause was made with heavy reliance on statements of an eyewitness who contradicted other evidence. Carter also argues that Jenkins' status as a paid police informant was improperly omitted from the affidavit.

A police officer may be liable for civil damages for an arrest if "no reasonable officer" would conclude that probable cause exists. *Wilson v. Russo*, 212 F.3d 781, 789–790 (3d Cir.2000). In order to succeed in such an action, the plaintiff must show by a preponderance of the evidence: (1) that the police officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant," and (2) that "such statements ... are material, or necessary, to the finding of probable cause." *Id.* at 786–87 (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir.1997)). Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested. *Orsatti v. New Jersey State Police*, 71 F.3d 480, 483 (3d Cir.1995) (citations omitted).

In applying the facts to the test set forth in Wilson, the District Court properly found that Officer Settle was not reckless in applying for the arrest warrant and that a reasonable competent officer would have had probable cause to arrest Carter. While we agree with both Carter and the District Court that the statements made by Jenkins were not without contradiction, other evidence which corroborated her statements was substantial enough to support the officer's probable cause determination. Furthermore, there is sufficient evidence of record for the District Court to have properly concluded that Officer Settle was not aware of Jenkins' status as a police informant so that Officer Settle did not knowingly or recklessly omit information in his warrant affidavit. Nor did the District Court impermissibly weigh the evidence in finding that Officer Settle had sufficient evidence before him to provide the magistrate with an affidavit of probable cause.

For the foregoing reasons, we will affirm the judgment of the District Court.